UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES JACKSON #477836 and
KYLE RICHARDS #641715

        Plaintiffs,        Case No. 1:13-cv-1054

v.        Honorable Robert J. Jonker

DANIEL HIENZ et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiffs James Jackson and Kyle Richards, prisoners incarcerated at Bellamy Creek Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiffs seek leave to proceed *in forma pauperis*. Because Plaintiffs have filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, they are both barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiffs to each pay their $200.00 share of the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiffs fail to do so, the Court will order that their action be dismissed without prejudice. Even if the case is dismissed, Plaintiffs will be responsible for payment of their $200.00 share of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

- 2 -

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff Jackson has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff Jackson's lawsuits, the Court entered dismissals on the grounds that they were frivolous, malicious or failed to state a claim upon which relief can be granted. *See, eg., Jackson et al. v. Synder et al.*, No. 1:12-cv-1364 (W.D. Mich. Apr. 29, 2013); *Colar et al. v. Hienz et al.*, No. 1:12-cv-1197 (W.D. Mich. Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 11, 2013). In addition, Plaintiff Jackson has been denied leave to proceed *in forma pauperis* in at least one other case because he has three-strikes. *See Jackson v. Kinney*, No. 1:13-cv-733 (W.D. Mich. Sept. 11, 2013).

Plaintiff Richards also has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff Richard's lawsuits, the Court entered dismissals on the grounds that they were frivolous, malicious or failed to state a claim upon which relief can be granted. *See, e.g.*, *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 11, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). In addition, Plaintiff Richards has been denied leave to proceed *in forma pauperis* in at least three

other cases because he has three strikes. *See Richards v. Arp et al.*, No. 1:13-cv-171 (W.D. Mich. June 17, 2013); *Richards v. Folks Nation et al.*, No. 1:13-cv-571 (W.D. Mich. Aug. 16, 2013); *Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011).

Moreover, Plaintiffs' allegations do not fall within the exception to the three-strikes rule because they do not allege facts sufficient to establish that they are under imminent danger of serious physical injury. Plaintiffs' generally claim that they are "under the threat of imminent danger of serious physical injury." (Docket #1, Page ID#1). To substantiate this claim, Plaintiffs' allege that they suffer from asthma.[1] During the heat of summer, they experienced wheezing and shortness of breath because the cells in which they were housed did not have open windows. Additionally, because the heat and closed windows exacerbated their asthma, they ran out of asthma medication before they were eligible for a refill. Nevertheless, Defendants refused to give them additional medicine. To the extent Plaintiffs are attempting to satisfy the "imminent danger" exception to the three-strikes rule, they fall far short of doing so.

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir.2007)] (implying that past danger is insufficient for the imminent-danger exception).

---

[1] It is not clear from the allegations in the complaint whether both Plaintiffs suffer from asthma, or just Plaintiff Jackson. Nevertheless, for purposes of ruling on Plaintiffs' application to proceed *in forma pauperis*, the Court will assume that both Plaintiffs suffer from asthma.

>In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013); *see also Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Vandiver*, 727 F.3d at 585. Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.* Plaintiffs filed their action in early fall, September 26, 2013, after the summer heat had subsided.[2] Assuming that Plaintiffs were under imminent threat of serious physical injury because of complications to their asthma caused by the summer heat, by they time they filed their complaint, that threat was over. Consequently, the Court concludes that the risk of harm alleged by Plaintiff was not imminent at the time that the complaint was filed.

In light of the foregoing, § 1915(g) prohibits Plaintiffs from proceeding *in forma pauperis* in this action. Plaintiffs have twenty-eight (28) days from the date of entry of this order to pay their $200 portion of the entire $400.00 civil action filing fee. When Plaintiffs pay their filing fee, the Court will screen the complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

---

[2] *See* http://www.accuweather.com/en/us/ionia-mi/48846/september-weather/333645 (last visited Nov. 25, 2013) (showing average temperatures decreasing through the end of September and thereafter).

- 5 -

- 6 -

If Plaintiffs fail to pay the filing fee within the 28-day period, their case will be dismissed without prejudice, but they will continue to be responsible for payment of the $400.00 filing fee.

Dated:      December 9, 2013           /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**